**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**BRENTON JOHNSON, SR.,**

**Plaintiff,**

**v.** **Case No. 1:25-cv-95-AW-MAF**

**OFFICER MCCRAY, et al.,**

**Defendants.**

_________________________________/

# ORDER OF DISMISSAL

Brenton Johnson, Sr., the pro se plaintiff, brought a § 1983 action against several defendants. The magistrate judge screened the complaint and allowed service. *See* ECF No. 8. Defendants then moved to dismiss, arguing—among other things—that the court should dismiss as a sanction based on Plaintiff's failure to truthfully disclose his litigation history. ECF Nos. 50, 69. Plaintiff then filed an amended complaint, ECF No. 76, and the magistrate judge denied the motions to dismiss as moot, ECF No. 79. That led to a new motion to dismiss, again raising—among other things—that the court should dismiss as a sanction based on Plaintiff's failure to truthfully disclose his litigation history. ECF No. 83. Now pending is the magistrate judge's report and recommendation, which concludes—among other things—that the court should dismiss based on Plaintiff's failure to truthfully disclose his litigation history. ECF No. 95.

Having considered the report and recommendation, and after a de novo review of Plaintiff's objections (ECF Nos. 97, 98[1]), I agree dismissal is appropriate. Plaintiff does not meaningfully dispute that he failed to accurately disclose his litigation history. In his objections, he principally argues that the court should overlook the failure and that he did not act maliciously. But I conclude that Plaintiff's failure constituted a material violation of the court's local rules, which require accurate disclosure.

The rules require use of a specific form, and that form includes a requirement for an under-oath statement listing prior litigation. Plaintiff did not use the form itself (which was a separate violation), but he clearly based his filings on it, typing answers to the form's questions. In his original complaint and again in the amended version, he included a section "VIII. Prior Litigation," which corresponds to the form's section "VIII. Prior Litigation." *See* ECF Nos. 1, 76; *see also* N.D. Fla. Loc. R. 5.7(A) ("A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: . . . a complaint in a civil-rights case."); Northern District of Florida Civil Rights Complaint Form for Pro Se Prisoner Litigants, available at Pro_Se_Civil_Rights_Complaint_

[1] Plaintiff submitted with his objection an affidavit from a fellow inmate. ECF No. 98. I have deemed this to be part of the objection. Ordinarily, I would not consider at this stage any new evidence not presented to the magistrate judge. But here it makes no difference.

Prisoner_NDFL_ProSe14_20220600_0.pdf. He included subsections A, B, and C, which correspond to the form's questions about specific categories of prior litigation. And he signed under oath. He disclosed one, but not all, of his prior cases.

Under these circumstances, dismissal is appropriate as a sanction. Plaintiff objects to the magistrate judge's finding of maliciousness and suggestion that the court should designate the dismissal as a strike for PLRA purposes. *See* ECF No. 95 at 20 ("It is further RECOMMENDED that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."). I will not designate this dismissal a strike, and I am not dismissing the case as malicious.[2] I am dismissing based on the court's inherent authority to dismiss based on Plaintiff's failure to comply with the local rules. *See McNair v. Johnson*, 143 F.4th 1301, 1308 (11th Cir. 2025) ("Dismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules. [Plaintiff] violated the local rules by failing to disclose his full litigation history, as required by the duly adopted standard complaint form.").

[2] Two additional points. One, it is not at all clear that the entire "action" is "malicious" for purposes of § 1915(e)(2)(B)(i), even though Plaintiff violated the court's rules. *See McNair v. Johnson*, 143 F.4th 1301, 1309 (11th Cir. 2025) (Newsom, J., concurring). And two, my designating this as a strike under that provision would not be binding on a future judge anyway. *See id.* at 1310-11 (Brasher, J., concurring).

In my discretion, I conclude this is an appropriate sanction. This court has explained why it is important to enforce rules regarding disclosure of litigation history:

> It allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act. Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

*McFaddin v. Daniels*, No. 5:25-CV-68-AW-MJF, 2025 WL 1873007, at *3 (N.D. Fla. May 27, 2025) (cleaned up), report and recommendation adopted, No. 5:25-CV-68-AW-MJF, 2025 WL 1865804 (N.D. Fla. July 7, 2025). In determining that dismissal without prejudice is appropriate, I note that there is no indication this will operate in effect as a dismissal with prejudice. The complaint addresses conduct from 2024, so there is no indication that any statute of limitations has run. *See McNair*, 143 F.4th at 1306 (noting that "[a] district court will rarely be found to have abused its discretion in dismissing without prejudice because the plaintiff is ordinarily permitted to simply refile"). I also note that one practical consideration is that this dismissal could burden Defendants, who may face new litigation addressing

the same issues. But Defendants seek the sanction of dismissal, and no Defendant has objected to the report and recommendation.

Because of this disposition, I need not address other issues raised in the motion to dismiss or in the report and recommendation. I now adopt the report and recommendation only to the extent consistent with this order.

The motion to dismiss (ECF No. 83) is GRANTED. The clerk will enter a judgment that says, "This case is dismissed without prejudice for failure to comply with the court's local rules." The clerk will then close the file.

SO ORDERED on September 21, 2026.

s/ *Allen Winsor*
Chief United States District Judge